1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   RACHEL L. JENSEN (211456)
3  PHONG L. TRAN (204961)
   655 West Broadway, Suite 1900
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
   johns@rgrdlaw.com
6  rachelj@rgrdlaw.com
   ptran@rgrdlaw.com
7
   Attorneys for Plaintiff
8

**FILED**

MAR - 4 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

9            UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

                                                    CV11  1038

| | |
|---|---|
| 12  SARAH GOSLING, on Behalf of Herself and All Others Similarly Situated and the 13  General Public, | )<br>)<br>No.<br>) |
| 14                              Plaintiff, | )<br>)  CLASS ACTION<br>) |
| 15       vs. | )  COMPLAINT FOR:<br>) |
| 16  GROUPON, INC., and DOES 1 through 100, inclusive, | )  (1) VIOLATIONS OF THE CREDIT CARD<br>)      ACCOUNTABILITY RESPONSIBILITY<br>)      AND DISCLOSURE ACT AND THE<br>)      ELECTRONIC FUNDS TRANSFER ACT, |
| 17 | )      15 U.S.C. §1693 *et seq.*; |
| 18                           Defendants. | )  (2) VIOLATION OF THE UNFAIR<br>)      COMPETITION LAW, CALIFORNIA<br>)      BUSINESS AND PROFESSIONS CODE |
| 19 | §17200 *et seq.*; |

(3) VIOLATIONS OF THE FALSE
    ADVERTISING LAW, CALIFORNIA
    BUSINESS AND PROFESSIONS CODE
    §17500 *et seq.*;

(4) VIOLATIONS OF THE CONSUMER
    LEGAL REMEDIES ACT, CALIFORNIA
    CIVIL CODE §1750 *et seq.*; AND

(5) UNJUST ENRICHMENT

DEMAND FOR JURY TRIAL

1    Plaintiff Sarah Gosling, by and through her attorneys, brings this action on behalf of herself
2   and all others similarly situated against Defendant Groupon, Inc., for compensatory damages and
3   equitable, injunctive, and declaratory relief. Plaintiff hereby alleges, on information and belief,
4   except for information based on personal knowledge, which allegations are likely to have evidentiary
5   support after further investigation and discovery, as follows:

6                              **NATURE OF THE ACTION**

7    1.      Plaintiff brings this action on behalf of herself and other similarly-situated consumers
8   nationwide who purchased gift certificates for products and services from Groupon, Inc.
9   ("Groupon"). These gift certificates, referred to and marketed as "groupons," are sold and issued
10  with expiration dates that are deceptive and illegal under both federal and state laws.

11   2.      Groupon is a web-based company that purports to offer discounted deals on a wide
12  variety of products and services, including restaurants and bars, salons and spas, clothing and other
13  retail items, and dance classes and other instructional lessons, among other things.

14   3.      Groupon's business model is based on offering discounts to consumers en masse by
15  directly partnering with retail businesses that provide the products or services. Groupon promises to
16  increase the sales volume of its retail partners by sending out "Daily Deal" e-mails to its massive
17  subscription base (comprised of tens of millions of consumers nationwide), highlighting and
18  promoting the products and services of its retail partners.

19   4.      Once consumers agree to purchase a minimum, specified number of "groupon" gift
20  certificates for a particular "Daily Deal," the "Deal" is officially triggered, and Groupon charges
21  each consumer the advertised purchase amount. Groupon then sends a confirmatory e-mail to each
22  purchasing consumer with a link to its website for downloading and printing the "groupon" gift
23  certificate, which then may be redeemed with the retail business offering the product or service,
24  within a limited period of time.

25   5.      Groupon partners with hundreds, if not thousands, of retail businesses around the
26  country, including large, nationwide companies. Groupon and its retail partners share in the
27  revenues from the sale of "groupon" gift certificates.

28

COMPLAINT -                                                                                     - 1 -

1    6.    The problem with Groupon's business model is that Groupon and its retail partners
2  sell and issue "groupon" gift certificates with relatively short expiration dates, knowing that many
3  consumers will not use the gift certificates prior to the expiration date. However, the Credit Card
4  Accountability Responsibility and Disclosure Act ("CARD Act") and the Electronic Funds Transfer
5  Act ("EFTA"), 15 U.S.C. §1693 *et seq.*, specifically prohibit the sale and issuance of gift certificates,
6  such as "groupons," with expiration dates. Similarly, California Civil Code §1749.5 prohibits the
7  sale and issuance of gift certificates with expiration dates.

8    7.    Groupon's systematic placement of expiration dates on its gift certificates is deceptive
9  and harmful to consumers. Groupon effectively creates a sense of urgency among consumers to
10  quickly purchase "groupon" gift certificates by offering "Daily Deals" for a short amount of time,
11  usually a 24-hour period. Consumers therefore are rushed into buying the gift certificates and
12  unwittingly become subject to the onerous sales conditions imposed by Groupon, including illegal
13  expiration terms, which are relatively short, often just a few months.

14    8.    Groupon and its retail partners bank on the fact that consumers often will not manage
15  to redeem "groupon" gift certificates before the limited expiration period – therefore, many
16  consumers are left with nothing, despite already having paid for the particular service or product.
17  Accordingly, Groupon and its retail partners reap a substantial windfall from the sale of gift
18  certificates that are not redeemed before expiration, which is precisely the type of harmful business
19  conduct that both Congress and the California State Legislature intended to prohibit.

20    9.    Plaintiff, like many unsuspecting consumers nationwide, fell victim to Groupon's and
21  its retail partners' deceptive and unlawful illegal conduct and purchased "groupon" gift certificates
22  bearing an illegal expiration dates.

23    10.    Plaintiff, on behalf of herself and the Class, therefore brings this class action against
24  Groupon, and Does 1 through 100, inclusive (collectively "Defendants") for equitable (injunctive
25  and/or declaratory) relief based on the violations of the CARD Act and the EFTA, 15 U.S.C. §1693
26  *et seq.*; California's Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.* ("UCL" or
27  "17200"); the False Advertising Law, Cal. Bus & Prof. Code §17500 *et seq.* ("FAL" or "17500");
28  Consumer Legal Remedies Act, Cal. Civ. Code §1750 *et seq.* ("CLRA"); and unjust enrichment.

COMPLAINT -                                                                                    - 2 -

1  Plaintiff seeks damages and equitable relief on behalf of herself and the Class, which relief includes,
2  but is not limited to, full refunds for Plaintiff and Class members, compensatory and punitive
3  damages, an order enjoining Groupon from selling and issuing "groupon" gift certificates with
4  expiration dates and other onerous terms, costs and expenses, as well as Plaintiff's reasonable
5  attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or
6  appropriate to provide complete relief to Plaintiff and the Class.

7                                    **INTRADISTRICT ASSIGNMENT**

8         11.    A substantial part of the events or omissions which give rise to the claims in this
9  action occurred in the county of San Francisco, and as such this action is properly assigned to the
10  San Francisco division of this Court.

11                                    **JURISDICTION AND VENUE**

12        12.    This Court has original jurisdiction pursuant to 28 U.S.C. §1332 and the Class Action
13  Fairness Act of 2005, 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and
14  costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of
15  plaintiffs are citizens of a state different from Groupon. In addition, pursuant to 28 U.S.C. §1367,
16  this Court has supplemental jurisdiction over Plaintiff's state law claims.

17        13.    This Court has personal jurisdiction over Groupon because it is authorized to do
18  business and has conducted business in California, Groupon has specifically marketed, sold and
19  issued "groupon" gift certificates in California, Groupon has sufficient minimum contacts with
20  California, and/or sufficiently avails itself to the markets of this State through its promotion, sales,
21  and marketing within this State to render the exercise of jurisdiction by this Court permissible.

22        14.    Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a
23  substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial
24  district. Venue is also proper under 18 U.S.C. §1965(a) because Defendant transacts substantial
25  business in this District.

26                                         **PARTIES**

27        15.    At all times relevant to this matter, Plaintiff Sarah Gosling, resided and continues to
28  reside in San Francisco, California. During the relevant time period, Ms. Gosling received offers for

COMPLAINT -                                                                              - 3 -

1  discounted products and services from Groupon and purchased "groupon" gift certificates based on
2  representations and claims made by Groupon. The "groupon" gift certificates purchased by Ms.
3  Gosling contained illegal expiration dates.

4      16.     Defendant, Groupon, Inc., is a privately-held company incorporated under the laws of
5  the state of Delaware. Groupon's corporate headquarters is located in Chicago, Illinois. Groupon
6  also maintains an office in Palo Alto, California. Groupon is registered to do business in the state of
7  California and does business in the state of California. Groupon markets, sells and issues its
8  "groupon" gift certificates to millions of consumers throughout the United States, including
9  hundreds of thousands of consumers in California and in San Francisco County.

10     17.     The true names and capacities of Defendants sued herein as Does 1 through 100,
11  inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by fictitious
12  names. Plaintiff will amend this Complaint to show their true names and capacities when they have
13  been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged
14  herein.

15                              **FACTUAL ALLEGATIONS**

16  **Groupon's Scheme to Sell and Issue Gift Certificates with Illegal**
    **Expiration Dates**

17
18     18.     Launched in November 2008, Groupon is a "social promotions" website that
    promises consumers discounted deals on various products and services, purportedly through the
19
    power of "collective buying." To take advantage of the deals offered by Groupon, consumers must
20
    sign up and provide their e-mail address and other information to Groupon. Over 50 million people
21
    worldwide reportedly have signed up to receive offers from Groupon.
22
23     19.     Every weekday, Groupon sends subscribers in each of the cities it operates a "Daily
    Deal" e-mail, promoting the particular products or services of the retail businesses with which it has
24
    partnered. To trigger the "Daily Deal," consumers must purchase a specified number of "groupon"
25
    gift certificates for the particular product or service offered that day. Groupon sends targeted "Daily
26
    Deal" e-mails to close to 90 cities throughout the United States.
27
28

COMPLAINT -                                                                                    - 4 -

1    20.    To arouse consumer interest and create the urgency to buy "groupon" gift certificates,
2  Groupon offers the "Daily Deal" for a limited amount of time, usually a 24-hour period. This creates
3  a "shopping frenzy" among consumers who feel pressured to purchase "groupon" gift certificates as
4  quickly as possible. Consumers purchase "groupon" gift certificates directly through Groupon's
5  website, using their credit or debit cards.

6    21.    Groupon also uses various forms of electronic social media, such as Facebook and
7  Twitter, to promote and stoke demand for its "Daily Deals," creating additional pressure among
8  consumers to buy "groupon" gift certificates before time runs out.

9    22.    Once Groupon sells the specified number of "groupon" gift certificates for a
10  particular "Daily Deal," the "Deal" is officially on, and consumers are charged for the purchase.
11  Groupon subsequently sends a confirmatory e-mail to purchasers with a link to its website, through
12  which purchasers may download and print their "groupon" gift certificates. Consumers may also
13  purchase and download "groupon" gift certificates directly to their mobile phones using an
14  application available on Groupon's website. "Groupon" gift certificates thereafter may be directly
15  redeemed with the retail businesses offering the products and services.

16    23.    Groupon admits on its website that the "groupons" it sells and issues to consumers are
17  in fact gift certificates.

18    24.    Groupon imposes illegal expiration dates, among other onerous conditions, on each
19  "groupon" gift certificate it sells and issues, to the detriment of consumers. The expiration periods
20  on "groupon" gift certificates are frequently just a few months from the date of purchase. Ironically,
21  Groupon knows that after it has driven consumers to purchase "groupon" gift certificates as quickly
22  as possible, many consumers ultimately will be unable to redeem the gift certificates before the
23  expiration period.

24    25.    Accordingly, consumers often cannot take advantage and use the product or service
25  for which they paid before the expiration period imposed by Groupon – leaving a substantial
26  windfall for Groupon and its retail partners.

27    26.    In addition to imposing illegal expiration periods, Groupon foists other deceptive and
28  unfair conditions on consumers. Groupon requires consumers to redeem "groupon" gift certificates

COMPLAINT -                                                                      - 5 -

1 in the course of a single transaction. Consumers therefore are forced to redeem their gift certificates
2 all at once and cannot use their gift certificates for multiple transactions or on multiple occasions.
3 Likewise, consumers cannot redeem any unused portion of "groupon" gift certificates for the
4 remaining cash amount. Moreover, Groupon does not provide cash refunds to consumers when the
5 retail business offering the services or products refuses to honor the "groupon" gift certificate, or
6 goes out of business. Groupon essentially places handcuffs on the manner in which consumers can
7 redeem their gift certificates for the products and services offered, even though consumers have
8 already paid in full for such products and services.

9      27.    Moreover, certain of the "Daily Deals" promoted by Groupon and its retail partners
10 are not in fact deals at all, insofar as they fail to provide any real discount to consumers. For
11 example, Groupon partnered with the nationwide floral retailer FTD Group, Inc., ("FTD") and
12 offered a FTD "Daily Deal" in early February to take advantage of Valentine's Day holiday
13 shopping. Through this "Daily Deal," Groupon claimed that consumers could purchase $40 worth of
14 flowers and gifts from FTD for $20. It was later revealed, however, that consumers could purchase
15 the same flowers and gifts directly through FTD's own website at a significantly lower price than the
16 $20 price offered through Groupon. This "Daily Deal" was a total sham.

17 **Groupon's Retail Business Partners Agree to Sell Gift Certificates with**
**Illegal Expiration Dates**

18
19      28.    Groupon focuses on two markets – the consumers who wish to obtain the advertised
20 products or services by purchasing "groupon" gift certificates, and the retail businesses who partner
21 with Groupon to promote their products and services. These retail businesses are willing to partner
22 with Groupon and offer their products and services at a discount because Groupon promises to
23 promote their products and services to its huge subscription base and guarantees them a specified
24 volume of business. In fact, Groupon promises its retail partners that its "Daily Deal" promotion
will bring them new customers "overnight."

25
26      29.    Groupon's business model, particularly its ability to establish partnerships with retail
27 businesses nationwide, depends in large part on its systematic use of illegal expiration dates.
28 Groupon knows that its retail partners are not willing to offer their products and services at a

COMPLAINT -            - 6 -

1   discount to consumers through the sale of "groupon" gift certificates, without an agreement to limit

2   the time period for which consumers can redeem the gift certificates. Accordingly, Groupon and its

3   retail partners continue to flaunt the law by imposing illegal expiration dates on the "groupon" gift

4   certificates sold to consumers.

5   30.     Groupon attempts to circumvent federal and state gift certificate laws by inserting a

6   disclaimer, titled "Legal Stuff We Have To Say," which is buried at the bottom of "groupon" gift

7   certificates in tiny, barely legible font that is readily overlooked by consumers.

8   31.     Importantly, the disclaimer is found only on the "groupon" gift certificate itself,

9   which must be downloaded and printed by the consumer. Thus, consumers who do not download

10  and print their "groupon" gift certificates will never have access to, nor knowledge of, the

11  disclaimer.

12  32.     Moreover, the disclaimer does not excuse nor justify Groupon's use of illegal

13  expiration periods. As set forth below, Groupon's imposition of expiration dates on "groupon" gift

14  certificates constitutes per se violations of federal and state laws, for which there is no applicable

15  exception.

16  33.     In any event, once "groupon" gift certificates reach their illegal expiration periods,

17  Groupon refuses to honor the bargain originally struck between the parties.

18  34.     Groupon reaps massive profits from this business model. Groupon typically takes for

19  itself half (50%) on the sale of each "groupon" gift certificate. Groupon reportedly made over half a

20  billion dollars from "groupon" sales in 2010 alone. Groupon's retail partners also profit from the

21  influx of new customers and bolstered sales that result from the sale of "groupon" gift certificates.

22  But again, Groupon and its retail partners' undue profits are based in large part on their use of illegal

23  expiration periods on the gift certificates sold to consumers.

24  **Plaintiff Gosling's Purchase of That Takes the Cake Groupon with an Illegal
    Expiration Date**

25
    35.     On or about February 23, 2010, Plaintiff Gosling received a "Daily Deal" e-mail offer
26
    from Groupon for "groupon" gift certificates redeemable at That Takes the Cake bakery in San
27
    Francisco.
28

COMPLAINT -                                                                          - 7 -

36.     Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Ms. Gosling was required to pay $15 to Groupon in exchange for a "groupon" gift certificate redeemable for a dozen cupcakes valued at $33 at That Takes the Cake.

37.     "The Fine Print" section of the "Daily Deal" offer stated that the That Takes the Cake "groupon" gift certificate "Expires Aug 24, 2010." "The Fine Print" section also imposed the following conditions: "Limit 1 per visit. No cash back or credit. May upgrade to filled cupcakes for a fee."

38.     Ms. Gosling purchased a single "groupon" gift certificate for That Takes the Cake and made payment of $15 to Groupon through Groupon's website.

39.     Ms. Gosling subsequently received an e-mail from Groupon confirming her purchase of a That Takes the Cake "groupon" gift certificate. The e-mail contained a link to Groupon's website from which Ms. Gosling could download and print the "groupon" gift certificate.

40.     Ms. Gosling attempted to redeem her "groupon" gift certificate before the August 24, 2010 expiration period imposed by Groupon but was told by That Takes the Cake that it would not honor her "groupon" gift certificate.

41.     It was later reported that That Takes the Cake could not keep up with customer demand generated from its "groupon" offering. That Takes the Cake reportedly gave preference to customers who did not have "groupon" gift certificates and were thus paying a premium for That Takes the Cake cupcakes.

42.     Ms. Gosling was therefore left with a "groupon" girt certificate that is no longer valid and cannot be redeemed.

**Plaintiff Gosling's Purchase of a San Francisco Soup Company Groupon with an Illegal Expiration Date**

43.     On or about April 6, 2010, Plaintiff Gosling received a "Daily Deal" e-mail offer from Groupon for "groupon" gift certificates redeemable at San Francisco Soup Company in San Francisco.

COMPLAINT -                                                                                                    - 8 -

1    44.    Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Ms.
2  Gosling was required to pay $5 to Groupon in exchange for a "groupon" gift certificate redeemable
3  for $10 worth of "soups, salads and more" at San Francisco Soup Company.

4    45.    "The Fine Print" section of the "Daily Deal" offer stated that the San Francisco Soup
5  Company "groupon" gift certificate "Expires Jun 7, 2010." "The Fine Print" section also imposed
6  the following conditions: "Limit 1 per visit. No cash or credit back. Not valid with other offers."

7    46.    Ms. Gosling purchased a single "groupon" gift certificate for San Francisco Soup
8  Company and made payment of $5 to Groupon through Groupon's website.

9    47.    Ms. Gosling subsequently received an e-mail from Groupon confirming her purchase
10  of a San Francisco Soup Company "groupon" gift certificate. The e-mail contained a link to
11  Groupon's website from which Ms. Gosling could download and print the "groupon" gift certificate.

12    48.    Ms. Gosling was unable to redeem the "groupon" gift certificate before the June 7,
13  2010 expiration period imposed by Groupon. Thus, she is left with a gift certificate that is no longer
14  valid and cannot be redeemed.

15                          **CLASS ALLEGATIONS**

16    49.    Plaintiff brings this action on behalf of herself and all those similarly situated
17  pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

18    50.    Plaintiff seeks certification of the following class:

19    **Plaintiff Class (the "Class" and "Class members")**:

20          All persons who purchased or acquired a "groupon" gift certificate from
21    Groupon with an expiration date of less than five years from the date of purchase.

22          Specifically excluded from the Class are Groupon officers, directors or
23    employees of Groupon, any entity in which Groupon has a controlling interest and
24    any of the affiliates, legal representatives, heirs, or assigns of Groupon. Plaintiff
25    reserves her right to amend the Class definition if discovery and further investigation
26    reveal that the Class should be expanded or otherwise modified.

27

28

COMPLAINT -                                              - 9 -

1    51.    **Numerosity.** The Plaintiff Class comprises millions of consumers throughout
2  California and the United States. The Class is so numerous that joinder of all members of the
3  Classes is impracticable.

4    52.    **Existence and Predominance of Common Questions of Law and Fact.** Common
5  questions of law and fact exist as to all members of the Class and predominate over any questions
6  affecting only individual Class members. These common legal and factual questions include, but are
7  not limited to, the following:

8          (a)    Whether Groupon sold and issued "groupon" gift certificates subject to
9                 expiration dates;

10         (b)    Whether Groupon's imposition of expiration dates on "groupon" gift
11                certificates violates federal and/or California state laws;

12         (c)    Whether Groupon engaged in deceptive and unfair business and trade
13                practices related to the imposition of expiration dates on "groupon" gift
14                certificates and other onerous terms and conditions;

15         (d)    Whether Plaintiff and Class members are entitled to declaratory, injunctive
16                and/or equitable relief; and

17         (e)    Whether Plaintiff and Class members are entitled to compensatory damages,
18                including actual, statutory and punitive damages plus interest thereon, and if
19                so, what is the nature of such relief?

20    53.    **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class
21  because she purchased the "groupon" gift certificate from Groupon in a typical retail consumer
22  process and the "groupon" gift certificate had an expiration date. Thus, Plaintiff and Class members
23  sustained the same damages arising out of Groupon's common course of conduct in violation of law
24  as complained of herein. The damages of each Class member was caused directly by Groupon's
25  wrongful conduct in violation of law as alleged herein.

26    54.    **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests
27  of the members of the Class because it is in her best interest to prosecute the claims alleged herein to
28  obtain full compensation due to her for the unfair and illegal conduct of which she complains.

COMPLAINT -                                                                        - 10 -

1  Plaintiff has retained highly competent counsel and experienced class action attorneys to represent
2  her interests and that of the Class. Plaintiff and her counsel have the necessary financial resources to
3  adequately and vigorously litigate this class action. Plaintiff has no adverse or antagonistic interests
4  to those of the Class. Plaintiff is willing and prepared to serve the Court and the Class members in a
5  representative capacity with all of the obligations and duties material thereto and is determined to
6  diligently discharge those duties by vigorously seeking the maximum possible recovery for Class
7  members.

8      55.    *Superiority*.  A class action is superior to other available means for the fair and
9  efficient adjudication of this controversy since individual joinder of all Class members is
10 impracticable.  Class action treatment will permit a large number of similarly situated persons to
11 prosecute their common claims in a single forum simultaneously, efficiently and without the
12 unnecessary duplication of effort and expense that numerous actions would engender. Furthermore,
13 the expenses and burden of individual litigants and the lack of knowledge of Class members
14 regarding Groupon's activities, would make it difficult or impossible for individual Class members
15 to redress the wrongs done to them, while an important public interest will be served by addressing
16 the matter as a class action.  The cost to the court system of adjudication of such individualized
17 litigation would be substantial.  The trial and litigation of Plaintiffs' claims will be manageable.

18     56.    Adequate notice can be given to Class members directly using information
19 maintained in Groupon's records or through notice by publication.

20     57.    Plaintiff is unaware of any difficulties that are likely to be encountered in the
21 management of this Class Action Complaint that would preclude its maintenance as a class action.

22     58.    Plaintiff seeks actual and punitive damages, to the extent available. Damages may be
23 calculated from the sales records maintained by and in the possession of Groupon, so that the cost of
24 administering a recovery for the Class can be minimized.  Importantly, the precise amount of
25 damages available to Plaintiff and other members of the Class is not a barrier to class certification.

26     59.    Plaintiff also seeks equitable and injunctive relief on behalf of all Class members on
27 grounds generally applicable to the entire Class.  Unless a class is certified, Groupon will retain
28 monies received as a result of their conduct that were taken from Plaintiff and proposed Class

COMPLAINT -                                                                          - 11 -

1  members. Unless a class-wide injunction is issued, Groupon will continue to commit the violations

2  alleged herein, and the members of the Class will continue to be misled and denied their rights.

3  <div align="center">**COUNT I**</div>

4  **Violations of the Credit Card Accountability Responsibility and Disclosure
   Act and Electronic Funds Transfer Act, 15 U.S.C. §1693 *et seq.*, on**
5  **Behalf of Plaintiff and All Class Members**

6  60.     Plaintiff repeats and re-alleges each and every allegation contained above as if set

7  forth herein.

8  61.     The CARD Act, which amends the EFTA, prohibits the sale or issuance of gift

9  certificates that feature and are subject to expiration dates.

10  62.     Groupon sold and issued and/or agreed to sell and issue "groupons," which are "gift

11  certificates" as defined under 15 U.S.C. §1693*l*-1(a)(2)(B). "Groupons" constitute promises that are:

12  (a) redeemable at a single merchant or an affiliated group of merchants; (b) issued in a specified

13  amount that may not be increased or reloaded; (c) purchased on a prepaid basis in exchange for

14  payment; and (d) honored upon presentation by such single merchant or affiliated group of

15  merchants for goods or services.

16  63.     Indeed, Groupon admits on its website that the "groupons" it sells and issues to

17  consumers are gift certificates.

18  64.     At all relevant times, "groupon" gift certificates were sold and issued to consumers

19  through electronic fund transfer systems established, facilitated and monitored by Groupon.

20  65.     "Groupon" gift certificates are not exclusively issued in paper form, as Groupon

21  provides an e-mail link to consumers to download and print such gift certificates. Moreover,

22  consumers may download "groupon" gift certificates to their mobile phones through an application

23  available on Groupon's website.

24  66.     "Groupon" gift certificates are marketed and sold to the general public and are not

25  issued as part of any loyalty, award, or promotional program.

26

27

28

COMPLAINT -                                                                                              - 12 -

1    67.    Groupon violated the CARD Act and EFTA by selling and issuing and/or agreeing to

2  sell and issue "groupon" gift certificates with expiration dates, which is plainly prohibited under

3  §1693l-1(a)(2)(B) and §1693l-l(c)(1).

4    68.    As a direct and proximate result of Groupon's unlawful acts and conduct, Plaintiff

5  and Class members were deprived of the use of their money that was charged and collected by

6  Groupon through the sale of "groupon" gift certificates with illegal expiration dates.

7    69.    Pursuant to 15 U.S.C. §1693m, Plaintiff, on behalf of herself and the Class, seeks a

8  Court order for actual and statutory damages to be determined by the court, injunctive relief, as well

9  as reasonable attorneys' fees and the cost of this action.

10                                    **COUNT II**

11           **Violations of California Business & Professions Code §17200 *et seq.*, on**
             **Behalf of Plaintiff and Class Members Who Reside in California**
12

13    70.    Plaintiff repeats and re-alleges each and every allegation contained above as if set

14  forth herein.

15    71.    Section 17200 of the California Business & Professions Code ("Unfair Competition

16  Law" or "UCL") prohibits any "unlawful," "unfair" and "fraudulent" business practice.

17    72.    Section 17200 specifically prohibits any "*unlawful* . . . business act or practice."

18  Groupon has violated §17200's prohibition against engaging in an unlawful act or practice by, *inter*

19  *alia*, selling and issuing and/or agreeing to sell and issue "groupon" gift certificates that feature and

20  are subject to expiration dates that are prohibited under both federal and California state laws.

21    73.    Groupon's ongoing sale and issuance of gift certificates with expiration dates is

22  unlawful because such conduct violates the CARD Act and EFTA, 15 U.S.C. §1693 *et seq.*, as

23  discussed above.

24    74.    Groupon's conduct also violates California's gift certificate laws, Cal. Civ. Code

25  §1749.5, which specifically forbids any person or entity from selling gift certificates with expiration

26  dates.

27

28

COMPLAINT -                                                                              - 13 -

1    75.    Further, based on information and belief, Groupon's conduct violates California's gift

2    certificate laws because Groupon refuses to allow "groupon" gift certificates with cash value of less

3    than $10 (ten dollars) to be redeemed for cash, contrary to Cal. Civ. Code §1749.5(b)(2).

4    76.    Groupon's sale and issuance of "groupon" gift certificates also violates the FAL,

5    California Business & Professions Code §17500, and the CLRA, California Civil Code §1750 *et*

6    *seq.*, as discussed below. Plaintiff and Class members reserve their right to allege other violations of

7    law which constitute other unlawful business acts or practices, as further investigation and discovery

8    warrants. Such conduct is ongoing and continues to this date.

9    77.    Section 17200 also prohibits any "*unfair* . . .business act or practice." As described

10   in the preceding paragraphs, Groupon engaged in the unfair business practice of selling and issuing

11   "groupon" gift certificates with illegal and deceptive expiration dates.

12   78.    Groupon imposed other unfair conditions on its "groupon" gift certificates, including

13   forcing consumers to redeem the gift certificates in the course of a single transaction and not

14   providing for the exchange of any unused portion of the gift certificates for their cash value.

15   Groupon also unfairly limited consumers from using more than one "groupon" gift certificate during

16   each visit to the retail business offering the particular product or service.

17   79.    Groupon's business practices, as detailed above, are unethical, oppressive and

18   unscrupulous, and they violate fundamental policies of this State. Further, any justifications for

19   Groupon's wrongful conduct are outweighed by the adverse effects of such conduct. Thus, Groupon

20   engaged in unfair business practices prohibited by California Business & Professions Code §17200

21   *et seq.*

22   80.    Section 17200 also prohibits any "*fraudulent business act or practice*." Groupon

23   violated this prong of the UCL by disseminating and/or agreeing to disseminate, through Groupon's

24   website and other promotional channels, misleading and partial statements about "groupon" gift

25   certificates that have a tendency to mislead the public. Further, Groupon violated this prong of the

26   UCL by omitting material information about "groupon" gift certificates. For instance, Groupon

27   misrepresented to consumers that the expiration dates placed on "groupon" gift certificates were in

28   fact illegal under both federal and state law and contrary to public policy. Groupon's claims,

COMPLAINT -                                                                                      - 14 -

1  nondisclosures and misleading statements concerning "groupon" gift certificates, as more fully set

2  forth above, were false, misleading and/or likely to deceive the consuming public within the

3  meaning of California Business and Professions Code §17200.

4      81.    Section 17200 also prohibits any "unfair, deceptive, untrue or misleading

5  advertising." For the reasons set forth above, Groupon engaged in unfair, deceptive, untrue and

6  misleading advertising in violation of California Business & Professions Code §17200.

7      82.    Groupon's conduct caused and continues to cause substantial injury to Plaintiff and

8  other Class members. Plaintiff has suffered injury in fact and lost money as a result of Groupon's

9  unfair conduct.

10      83.    Additionally, pursuant to California Business & Professions Code §17203, Plaintiff

11  seeks an order requiring Groupon to immediately cease such acts of unlawful, unfair and fraudulent

12  business practices and requiring Groupon to return the full amount of money improperly collected to

13  all those who have paid them.

14  <div align="center">**COUNT III**</div>

15  <div align="center">**False and Misleading Advertising in Violation of California**

16  **Business & Professions Code §17500 *et seq.*, on Behalf of Plaintiff
and Class Members Who Reside in California**</div>

17      84.    Plaintiff repeats and re-alleges each and every allegation contained above as if set

18  forth herein.

19      85.    California Business & Professions Code §17500 *et seq.* prohibits various deceptive

20  practices in connection with the dissemination in any manner of representations which are likely to

21  deceive members of the public to purchase products and services such as the "groupon" gift

22  certificates offered by Groupon.

23      86.    Groupon's acts and practices as described herein have deceived and/or are likely to

24  deceive Plaintiff and Class members. Groupon uses Groupon's website and targeted "Daily Deal"

25  promotions, along with other forms of social media, such as Facebook and Twitter, to extensively

26  market and advertise the gift certificates with misleading and illegal expiration dates and other

27  deceptive terms to consumers.

28

COMPLAINT -           - 15 -

87. By their actions, Groupon has been and is disseminating uniform advertising concerning "groupon" gift certificates, which by its nature is unfair, deceptive, untrue, or misleading within the meaning of California Business & Professions Code §17500 *et seq.* Such advertisements are likely to deceive, and continue to deceive, the consuming public for the reasons detailed above.

88. Groupon intended Plaintiff and Class members to rely upon the advertisements and numerous material misrepresentations as set forth more fully elsewhere in the Complaint. In fact, Plaintiff and Class members relied upon the advertisements and misrepresentations to their detriment.

89. The above-described false, misleading, deceptive advertising Groupon disseminated continues to have a likelihood to deceive in that Groupon has failed to disclose the true and actual limitations of their gift certificates. Groupon has failed to instigate a public information campaign to alert consumers of these limitations, which continues to create a misleading perception of the efficacy of their gift certificates.

**COUNT IV**

**Violations of the Consumer Legal Remedies Act, California Civil Code §1750 *et seq.*, on Behalf of Plaintiff and Class Members Who Reside in California**

90. Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

91. The California Consumers Legal Remedies Act, Cal. Civ. Code §1750 *et seq.* provides protection for California consumers against unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services.

92. Plaintiff and the Class are "consumers" as defined by Cal. Civ. Code §1761(d). The "groupon" gift certificates sold and issued by Groupon constitute "goods" and "services" as defined by Cal. Civ. Code §1761(a) and (b).

93. Groupon's ongoing placement of illegal expiration dates and imposition of other deceptive sales terms on "groupon" gift certificates violate the following subsections of Cal. Civ. Code §1770(a) in these respects:

| 1 | (5) | Groupon's acts and practices constitute misrepresentations that "groupon" |
| 2 | | gift certificates have characteristics, benefits or uses which they do not have; |
| 3 | (7) | Groupon misrepresented that "groupon" gift certificates are of a particular |
| 4 | | standard, quality and/or grade, when they are of another; |
| 5 | (9) | Groupon's acts and practices constitute the advertisement of goods, without |
| 6 | | the intent to sell them as advertised; |
| 7 | (14) | Groupon's acts and practices fail to represent that the transaction involving |
| 8 | | "groupon" gift certificates confers or involves obligations that are prohibited |
| 9 | | by law, particularly the imposition of illegal expiration dates and other |
| 10 | | onerous sales terms; |
| 11 | (16) | Groupon's acts and practices constitute representations that "groupon" gift |
| 12 | | certificates have been supplied in accordance with previous representations |
| 13 | | when they have not; and |
| 14 | (19) | Groupon inserted unconscionable provisions in the contract for the purchase |
| 15 | | of gift certificates, specifically illegal expiration dates and other onerous, |
| 16 | | one-sided restrictions as to the gift certificates' use and redemption. |

94.     By reason of the foregoing, Plaintiff and the Class haven been irreparably harmed, entitling them to injunctive relief, disgorgement and restitution.

95.     Pursuant to §1782 of the CLRA, Plaintiff notified Groupon in writing of the particular violations of §1770 of the CLRA and demanded Groupon rectify the actions described above by providing complete monetary relief, agreeing to be bound by their legal obligations and to give notice to all affected customers of their intent to do so. Plaintiff sent this notice by certified mail, return receipt requested, to Groupon's principal place of business.

96.     If Groupon fails to adequately respond to Plaintiff's demand within 30 days of the letter pursuant to §1782 of the CLRA, Plaintiff will amend this claim to add additional claims for relief, including claims for compensatory and exemplary damages. Plaintiff is already entitled to the relief set forth above, along with costs, attorneys' fees and any other relief which the Court deems proper.

COMPLAINT -                                                                                                    - 17 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT V

### Unjust Enrichment on Behalf of Plaintiff and All Class Members

97.    Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

98.    Groupon has received, and continues to receive, a benefit at the expense of Plaintiff and the Class members.

99.    Groupon knowingly and/or recklessly sold and issued or agreed to sell and issue "groupon" gift certificates with illegal expiration dates, as well with other deceptive terms and conditions.

100.    As a direct and proximate result of Groupon's unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was unlawfully charged and collected by Groupon, and are therefore entitled to reimbursement of any money unjustly paid to Groupon in connection with the sale of "groupon" gift certificates.

### PRAYER FOR RELIEF

Plaintiff, individually, and on behalf of the Class, prays for judgment and relief against Groupon as follows:

A.    For an order declaring the above-mentioned case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes described herein and appointing Plaintiff to serve as class representative and Plaintiff's counsel as Lead Counsel for the Class;

B.    For an order enjoining Groupon from continuing to sell and issue "groupon" gift certificates and pursue the above policies, acts and practices related to the sale and issuance of such gift certificates;

C.    For an order requiring Groupon to fund a corrective advertising campaign in order to remedy their wrongful and illegal conduct;

D.    For an order awarding restitution of the monies Groupon wrongfully acquired by their wrongful and illegal conduct;

COMPLAINT -                                                                                                          - 18 -

1    E.    For an order requiring disgorgement of monies wrongfully obtained as a result of

2  Groupon's wrongful and illegal conduct;

3    F.    For compensatory and punitive damages, including actual and statutory damages,

4  arising from Groupon's wrongful and illegal conduct;

5    G.    For an award of reasonable attorneys' fees and all costs and expenses incurred in the

6  course of prosecuting this action;

7    H.    For pre-judgment and post-judgment interest at the legal rate; and

8    I.    For such other and further relief as the Court deems just and proper.

9                              **JURY DEMAND**

10   Plaintiff demands a trial by jury on all issues so triable.

11  DATED: March 4, 2011                    ROBBINS GELLER RUDMAN
                                            & DOWD LLP
12                                          JOHN J. STOIA, JR.
                                            RACHEL L. JENSEN
13                                          PHONG L. TRAN

14

15

16                                          RACHEL L. JENSEN

17                                          655 West Broadway, Suite 1900
                                            San Diego, CA 92101
18                                          Telephone: 619/231-1058
                                            619/231-7423 (fax)
19
                                            Attorneys for Plaintiff
20

21

22

23

24

25

26

27

28

COMPLAINT -                                                                    - 19 -